Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Rachel Mastracchio-Davis

# United States District Court
# Southern District of California

| | |
|---|---|
| Rachel Mastracchio-Davis<br><br>                    Plaintiff,<br><br>v.<br><br>ER Solutions, Inc., a.k.a.<br>Convergent Outsourcing, Inc.<br><br>                    Defendant. | Case No: **'11CV2867 BTM BGS**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## Introduction

1.  Rachel Mastracchio-Davis, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of ER Solutions, Inc., a.k.a. Convergent Outsourcing, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.  Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

6.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8.  Because Defendant does business within the State of California, personal jurisdiction is established.

9.  Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendant conducted business within the State of California.

### PARTIES

11. Plaintiff is a natural person who resides in the City of San Diego, State of California.

12. Defendant is principally located in the City of Renton, in the State of Washington.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of

HYDE & SWIGART
San Diego, California

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

18. Sometime before February 24, 2011, Plaintiff is alleged to have incurred certain financial obligations from Yankeegas, for a gas bill for an apartment Plaintiff rented while living in Connecticut.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Plaintiff lived at this apartment from 2009 to December 1, 2010. On November 19, 2010, Plaintiff submitted an online request to shut off the gas to the Connecticut apartment on December 1, 2010. Because Northeast Utilities owns both Connecticut Light and Power and Yankeegas, and Plaintiff previously submitted an online request to shut of the light and power to the apartment, when Plaintiff submitted the online request to shut off the gas on December 1, 2010, she received a notice stating that the request had already been submitted. Subsequently, Plaintiff was erroneously billed for gas through February 2010.

22. Because Plaintiff was the unaware of the erroneous billing, Plaintiff fell behind in the payments and incurred a debt.

23. Subsequently, but before February 24, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

24. On or about February 24, 2011, Defendant's representative "Nicole Johnson" telephoned Plaintiff and demanded payment of the alleged debt.

25. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

27. During this conversation, Ms. Johnson asked Plaintiff to verify her living address, which Plaintiff fully and accurately conveyed as her current San Diego address. Plaintiff also informed Ms. Johnson that she is now living in California full time and that the gas bill was erroneously billed for a prior Connecticut apartment. Plaintiff informed Ms. Johnson that she would be disputing the debt and the two agreed that Ms. Johnson would call Plaintiff

HYDE & SWIGART
San Diego, California

back at the mutually convenient time of 12 PM *pacific standard time* on February 26th, 2011. Defendant did not keep this phone appointment.

28. On March 4, 2011, Plaintiff received a dunning letter properly addressed to Plaintiff's current, and then current address, in San Diego dated for  February 24, 2011.

29. From March 1, 2011 to March 14, 2011, Defendant called Plaintiff a total of twenty two (22) times from the phone number Defendant provided in its prior letter. Seven (7) of those twenty two phone calls were made before 8:00 AM pacific standard time. Defendant had reason to know that Plaintiff lives in the pacific time zone because Plaintiff informed Ms. Johnson of her current address in San Diego, California during her first phone conversation with Defendant's representative, and Defendant properly addressed its dunning letter to Plaintiff at her current San Diego residence.  See paragraph 27.

30. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.   In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1) as well as Cal.Civ.Code §1788.17.

31. On March 1, 2011, Defendant called Plaintiff at 6:24 AM and 6:35 AM. On March 8, 2011,   Defendant called Plaintiff at 6:51 AM and 7:12 AM. On March 9, 2011, Defendant called Plaintiff again at 6:23 AM. On March 14, 2011, Defendant called at 6:36 AM and 7:41 AM.

32. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.   In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location.  Consequently, with each phone call made above, Defendant violated 15 U.S.C. § 1692c(a)(1) as well as Cal.Civ.Code §1788.17.

33. Because Plaintiff works mostly at night, Defendant's early morning phone calls were jarring to Plaintiff and highly inconvenient. Additionally, at the time of the phone calls, Plaintiff was suffering epileptic seizures and suffered a lupus-like reaction to her medication to treat the seizures. These phone calls at 6 AM exacerbated Plaintiff's discomfort and caused Plaintiff severe anxiety and in her already suffering state. Plaintiff was unable to process words either verbally, audibly, or visually due to her medical condition. Defendant's incessant calls starting at 6 AM and lasting throughout the day only caused Plaintiff great stress, anxiety, anguish, and frustration.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

34. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

36.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

37.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38.   The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

39.   As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

HYDE & SWIGART
San Diego, California

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: 12/8/2011                    By: /s/ Joshua B. Swigart
                                        Joshua B. Swigart
                                        Attorneys for Plaintiff

**HYDE & SWIGART**
San Diego, California